The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was a partner in Dallas Pallet Company, a company that repaired and replaced or removed used pallets. As a partner of Dallas Pallet Company, plaintiff sought and was awarded a contract with Hoechst Celanese Corporation for the repair or removal of pallets located on Hoechst Celanese property. As a condition of that contract, Dallas Pallet Company was required to provide a certificate of insurance for all employees that would be working on Hoechst Celanese property. Plaintiff's company was very small and could not afford the purchase of the required workers' compensation coverage.
2. Plaintiff's partner, Mr. Robert Finger, Sr. approached his son, Mr. Robert Finger, Jr., the owner of Finger Land Clearing Company, regarding the Hoechst Celanese job. Mr. Finger, Jr. agreed to provide the equipment for the work, some employees for the work, and his workers' compensation insurance policy. Mr. Finger, Jr. requested a certificate from his carrier, Consolidated Administrators and that certificate was delivered to Hoechst Celanese.
3. On the job site at Hoechst Celanese, plaintiff had complete control of the job, with the power to hire, fire, and direct all personnel on the job site who were involved in the pallet reconditioning project.
4. All invoices, purchase orders, and payments were directed between Dallas Pallet Company and Hoechst Celanese Corporation.
5. Finger Land Clearing had no contractual obligation to Hoechst Celanese, but was rather an independent contractor enlisted by Dallas Pallet Company for the sole purpose of assisting with the pallet reconstruction job at the Hoechst Celanese site.
6. The plaintiff at no point received income from Finger Land Clearing. He has never received a W-2 Form, 1099 Form, or claimed income of any type from Finger Land Clearing on a tax return.
7. Finger Land Clearing provided a Certificate of Workers' Compensation Insurance to Hoechst Celanese for coverage of its employees on the Hoechst Celanese premises only. This workers' compensation certificate did not cover the plaintiff, as he was not an employee of Finger Land Clearing. Plaintiff merely supervised the job and gave direction to Finger Land employees.
8. Dallas Pallet Company received payment directly from Hoechst Celanese for its work on the premises. Finger Land Clearing received compensation from Dallas Pallet Company for its services and equipment provided on the Hoechst Celanese job.
9. On or about December 16, 1991, plaintiff was hurt on the job site at Hoechst Celanese, when a pallet fell and landed on his foot.
10. At all times relevant to this case, defendant-employer employed three or more employees.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-3.
2. The employer-employee relationship did not exist between defendant-employer and plaintiff-employee. Plaintiff was in no way employed by defendant-employer but had only supervised defendant-employer's workers at the above-described job site. Therefore, the North Carolina Industrial Commission has no jurisdiction in this matter. N.C. Gen. Stat. § 97-2.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim under the law must be, and the same is, hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER